# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-234 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Justice Anthony Valentino, | |
| Defendant. | |

Justice Valentino pleaded guilty to being a felon in possession of a firearm on February 15, 2023. The Court sentenced him to a term of imprisonment of 78 months, followed by three years of supervised release, on August 29, 2023.

On June 28, 2024, Mr. Valentino filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 102. In his initial filing, he alleged that his appointed attorney was ineffective for failing to file a motion to suppress evidence obtained as a result of what he describes as an unlawful stop by law enforcement while he was riding his bicycle. *Id.* at 2. In a motion to amend that initial filing, he clarified that his attorney did file the motion to suppress (*see* ECF Nos. 19 & 22), but failed to pursue it.[1] ECF No. 120. In supplemental briefing, he added a list of "infractions and negligible actions" that he asserts establish his attorney's inadequate performance. ECF No. 130. In addition to his arguments about the suppression motion, Mr. Valentino argues that his counsel failed to consult with him sufficiently ahead of a scheduled

---

[1] The Court grants Mr. Valentino's Motion to Amend his initial motion. ECF 120. The Court will consider all of his filings in support of his § 2255 motion.

motion hearing, failed to explain his choices, and unfairly delayed litigation of his pretrial motions without his agreement. *Id*.

Most of Mr. Valentino's complaints focus on his counsel's conduct ahead of and during a pretrial motions hearing held on November 8, 2022.[2] The hearing was originally scheduled to take testimony related to Mr. Valentino's motion to suppress. However, at the hearing, the Magistrate Judge first considered and ultimately denied a request by Mr. Valentino to have new counsel appointed. The Magistrate Judge then granted a joint motion to continue the evidentiary hearing on the motion to suppress to allow Mr. Valentino additional time to consider a proposed plea agreement. The additional time had been requested in part because the plea offer would be withdrawn by the government if Mr. Valentino decided to further pursue his motion to suppress, so the postponement gave him additional time to consider his options.[3] The motions hearing was then postponed a second and a third time, each time at Mr. Valentino's request. ECF Nos. 29, 40. Ultimately, Mr. Valentino withdrew his motion to suppress when he reached a plea agreement with the government, and a change of plea hearing followed soon thereafter. ECF Nos. 43, 46.

The matter is now before the Court for a decision on Mr. Valentino's motion to vacate his conviction and sentence. For the reasons set forth below, Mr. Valentino's motion is denied.

---

[2] The relevant transcript is broken into two documents, one containing sealed portions (ECF No. 111) and one containing unsealed portions (ECF No. 112). Because Mr. Valentino has partially waived his attorney-client privilege by challenging his counsel's effectiveness, with a particular focus on what occurred on November 8, 2022, the Court discusses both parts of the record freely here. *See e.g., United States v. Klinghagen*, 2023 WL 146270 (D. Minn. January 10, 2023) (collecting cases).

[3] The Assistant United States Attorney stated on the record that the plea offer would be retracted once testimony began at an evidentiary hearing on the motion to suppress. Mot'n Hrg. Tr., ECF 111 at 43.

**I.    Legal Standard**

A federal prisoner may collaterally attack his conviction or sentence pursuant to 28 U.S.C. § 2255 if that conviction or sentence was imposed "in violation of the Constitution or laws of the United States," among other grounds. 28 U.S.C. § 2255(a). Mr. Valentino argues that he received ineffective assistance of counsel in violation of the Sixth Amendment. To prevail on this claim, Mr. Valentino must establish both that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). As to the second prong, Mr. Valentino must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Though criminal defendants are entitled to competent representation, the Constitution "does not [e]nsure that defense counsel will recognize and raise every conceivable" argument. *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005) (quotation omitted). And the Eighth Circuit has characterized the burden faced by defendants in establishing ineffective assistance of counsel as a heavy one. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).

When a defendant argues that his attorney was ineffective for failing to raise or pursue a Fourth Amendment claim, the defendant must "also prove that his Fourth Amendment claim is meritorious" and that the outcome of the case would have been different had the claim been litigated. *See e.g., Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Further, when a defendant files a § 2255 motion following a guilty plea, he must generally show that, absent the complained of errors by counsel, he would not have pleaded guilty and the outcome would have been different. *See United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014).

## II.     Analysis

Mr. Valentino's motion fails for two reasons. Most critically, Mr. Valentino waived his right to litigate the motion to suppress that he now faults his attorney for not pursuing, and he did so knowingly and intelligently. Moreover, even had the Fourth Amendment motion been pursued, it would not have been successful and would not have altered the outcome of Mr. Valentino's case.

### *Guilty Plea and Waiver of Pretrial Motions*

Mr. Valentino pleaded guilty before the Court on February 15, 2023. At that hearing, the Court discussed Mr. Valentino's rights with him at length. The Court asked him specifically whether he "had enough time to visit with your lawyer and ask him any questions" and if he had talked to his attorney "about all aspects of this case." Plea Tr., ECF No. 113 at 4. Mr. Valentino answered yes to both of these questions. The Court also explained that if Mr. Valentino went to trial, he could pursue pretrial motions, but if he pleaded guilty, there would be no trial or "any of those rights" that went along with such a trial. Plea Tr. at 7–8.

At the time of Mr. Valentino's guilty plea, his attorney had already filed a letter withdrawing the pretrial motions that had been filed and asking for the motions hearing to be cancelled. ECF 43. And during the plea colloquy, counsel for Mr. Valentino specifically addressed this issue.

| | |
|---|---|
| Counsel: | May I just ask one area that you've covered? |
| The Court: | Sure |
| Counsel: | --but I want to be very specific. Mr. Valentino, just based upon how we've gotten here, I want to be clear. You are agreeing to waive your pretrial motions as part of this … plea agreement, is that correct? |
| Defendant: | That's correct. |

4

| | |
|---|---|
| Counsel: | All right. And we had filed some substantive, meaning important motions that could either lead to this case being completely dismissed or continuing forward to a trial. Do you understand? |
| Defendant: | I understand. |
| Counsel: | And we have had a number of potential motion hearings that got put off as we got more evidence and we reviewed it, we briefed it. There was a lot of preparation to have a motion hearing, correct? |
| Defendant: | Correct. |
| Counsel: | All right. You are, in fact, now forever giving up the right to pursue those motions by entering this plea. And I just – I know that we covered that, but I want to be real clear about what you are giving up, and make sure that if you have any questions about that, based upon the judge's recitation, that we cover that now. Do you have any questions of me about waiving those pretrial motion rights? |
| Defendant: | No. |

Plea Tr. at 24–25. In addition, the plea agreement itself spelled out that Mr. Valentino "understand[s] and agrees that he has certain rights to file pretrial motions in this case," that he "knowingly, willingly, and voluntarily waives his right to file and litigate pretrial motions in this case," and "agrees that, by pleading guilty, he is withdrawing any previously filed or pending motions." Plea Agreement, ECF No. 47 at 3 ¶ 3.

In his motion and supporting documents, Mr. Valentino does not grapple with these facts. The focus of his advocacy is that his attorney agreed to a continuance of the motion hearing that had been scheduled for November 8, 2022, did so without consulting with Mr. Valentino, and did so without being sufficiently prepared for the hearing that day. ECF No. 130. But during the plea colloquy several months later and in the plea agreement, the Court, the government, and defense counsel all made clear that any pretrial motions would be withdrawn and would not receive a ruling or be further litigated. Mr. Valentino offers no argument that he did not understand that he was waiving the motions, that he disagreed, or that his waiver of these motions was involuntary. In

5

fact, on the record and under oath at his plea hearing, he acknowledged that he was "forever giving up the right to pursue those motions." This reality renders irrelevant his challenges to his attorney's handling of the initially scheduled November 8th hearing and precludes relief in this case. *See, e.g., Jackson v. United States*, 2022 WL 4078867, *7 (E.D. Mo. September 6, 2022) (collecting cases and finding that a defendant's statements under oath that she understood she was giving up her right to file pretrial motions precluded an ineffective assistance of counsel claim for not pursuing motions to suppress).[4]

It is important to note an additional fact about the procedural posture in this case. As the transcript of the November 8th hearing made clear, the government's plea offer was to be revoked as soon as a witness took the stand at a motion hearing. Motions Hrg., ECF No. 111 at 43–44. For that reason, defense counsel asked for—and the government agreed to—a postponement of the motion hearing so that Mr. Valentino could have more time to consider the plea offer. During that time he had to weigh the risks of going ahead with a pretrial motion that his attorney clearly believed would not succeed at the cost of losing possibly favorable plea terms from the government. At the November 8th hearing, the government agreed to keep the plea offer open for Mr. Valentino's consideration until a rescheduled motion hearing (set first for January 20, 2023, then for February 9, 2023, then cancelled due to the plea agreement), so Mr. Valentino was given significant time to assess his choices. Against this unique backdrop, the record makes clear that Mr. Valentino understood his right to pursue his motion to suppress, and indeed spent significant time considering his choice about whether to do so or not. This weighs

---

[4] Mr. Valentino cannot claim that he was unaware of the basis for the motion prior to his guilty plea. Indeed, his counsel had filed two motions related to suppression of the evidence seized during the stop of his bicycle ahead of the November 8th hearing. ECF Nos. 19, 22. It is clear from the record of that hearing that Mr. Valentino had received copies of the motions filed on his behalf.

against any possible argument that he didn't understand what he was giving up when he expressly relinquished his right to seek suppression of the evidence against him.

### *Merits of the Fourth Amendment Issue*

Mr. Valentino's motion fails for a second reason: he is unable to show that he would have prevailed on the motion to suppress which he now faults his attorney for not further pursuing. The crux of Mr. Valentino's suppression argument is that when the police initially stopped him on his bicycle, they violated his Fourth Amendment rights. But Fourth Amendment jurisprudence undermines Mr. Valentino's position.

Although there was never an evidentiary hearing on Mr. Valentino's suppression motion, there is a clear record of the most salient facts. The PSR, relying upon "investigative materials" provided by the government, described what occurred at the time of his arrest, and no objection was made to that description.

> On August 6, 2022, law enforcement observed the defendant exit from a residence, known for narcotics, stolen vehicles, robbery suspects, violent offenders, and the like. The defendant left the residence on an electric motorized bicycle. Law enforcement observed the defendant drive erratically and discovered the motorized bicycle was unlicensed wherein a traffic stop was initiated. The defendant failed to stop for law enforcement and attempted to flee from the area. Specifically, the defendant fled across roadways, parks, and residential lots until he fell off the bicycle. The defendant stood and resisted arrest wherein law enforcement deployed a Taser and utilized physical force to control and detain him. While resisting, the defendant reached for the officer's Taser, which was deflected. The defendant reached towards his waistband and once holding a firearm, law enforcement used physical force to gain control of the firearm and defendant. The firearm, a loaded, 9-millimeter semi-automatic Ruger model LC9 pistol, with an obliterated serial number, was recovered.

PSR ¶ 7.[5] Clearly, according to law enforcement, they attempted to stop Mr. Valentino as he drove an "unlicensed" electric bicycle erratically after leaving a residence that the police knew of as a

---

[5] In fact, counsel for Mr. Valentino raised one "factual discrepancy" with the PSR at the sentencing hearing related to the number of fights Mr. Valentino had been in his life, but raised no challenge to the description of the offense. And when the Court discussed the aggravating

7

location for crime. But once the stop was initiated, Mr. Valentino fled the scene and resisted arrest. Critically, Mr. Valentino's flight from the police and resisting arrest were specifically admitted to in his plea agreement. ECF No. 47 at 2.

Mr. Valentino argues that the officer's initial attempt to stop him was illegal because there was insufficient evidence to give rise to reasonable suspicion that criminal activity was afoot. But even if it were true that the initial attempted stop would have been unlawful, Mr. Valentino's flight changed everything. In *United States v. Flores-Lagonas*, the Eighth Circuit considered a case in which law enforcement attempted to arrest someone for a narcotics offense, but the person fled and was not arrested until later. 993 F.3d 550 (8th Cir. 2021). The court noted that no seizure occurs "unless the individual actually submits to the 'show of authority.'" *Id.* at 559–60 (quoting *California v. Hodari D.*, 499 U.S. 621, 628 (1991)). Because the defendant in *Flores-Lagonas* fled, there was no stop, and "[w]ithout a stop, a reasonable suspicion analysis is unnecessary." *Id*. at 560. The Court went on to find that the defendant's flight from officers itself provided "independent grounds for his arrest." *Id.; see also United States v. Smith*, 789 F.3d 923, 929 (8th Cir. 2015) ("Smith's resistance by fleeing the scene provided independent grounds for his arrest, and the evidence discovered in the subsequent searches of his automobile is admissible.") (quotation marks omitted); *United States v. Sledge*, 460 F.3d 963, 966 (8th Cir. 2006) ("In our circuit, resistance to an illegal arrest can furnish grounds for a second, legitimate arrest.") (quotation marks omitted). Due to his flight, Mr. Valentino's motion cannot have succeeded and his attorney was not ineffective for failing to pursue it.[6]

---

circumstances of the flight from police and resisting arrest in this case at sentencing, again Mr. Valentino did not disagree.

[6] Mr. Valentino identifies several points at which he thinks his attorney failed to develop the evidentiary record related to the circumstances surrounding the initial attempt by officers to stop him, including questions about whether it was actually unlawful to ride an unlicensed electric

*"Infractions and Negligible Actions"*

Mr. Valentino raises numerous additional challenges to his attorney's performance in this case, overwhelmingly related to his alleged mishandling of the November 8th motion hearing. ECF No. 130. For instance, Mr. Valentino faults his counsel for meeting privately with the government, for failing to get his approval ahead of time to postpone the motions hearing, for not visiting him enough in jail (or via video) ahead of that hearing, and for agreeing at the end of the hearing that it could be postponed to give him more time to consider a proposed plea agreement. But even if the Court were to assume that all these assertions were true and that these actions somehow fell short of counsel's duty to his client, Mr. Valentino fails to demonstrate how any of them prejudiced him. As explained above, none of what transpired on November 8th had any actual impact on the outcome of the case. According to Mr. Valentino, as of that date, his attorney had not met with him enough, had not explained his plea options, had not explained the Fourth Amendment issue, and had asked for a continuance without his agreement. But when Mr. Valentino pleaded guilty several months later, none of these issues mattered. Mr. Valentino doesn't raise any sort of speedy trial claim created by the delay (nor could he). And by the time of the plea hearing, he attested under oath that he had enough time to meet with counsel and that he understood and was giving up his pretrial motion rights. He raised no further complaint about not understanding his rights or not wanting to give up his motions at either his plea hearing or his sentencing hearing. And even now, he does not argue that his guilty plea was unintelligent or involuntary.

---

bike, whether the house he was seen leaving was really a location for crime, whether a bystanding woman could have been a witness to his initial bike ride, and whether he really drove erratically ahead of the attempted stop. But all of these matters became irrelevant when Mr. Valentino fled: not only was there no stop at that time, but his flight itself created probable cause for any subsequent arrest.

### III. Conclusion

For the reasons explained above, the Court concludes that Mr. Valentino's § 2255 motion cannot succeed. Because the record before the Court conclusively demonstrates that Mr. Valentino is not entitled to relief, no hearing is necessary. *See* Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2255(b); *see also Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010). Moreover, because Mr. Valentino has not "made a substantial showing of the denial of a constitutional right," the Court will not issue a certificate of appealability. 28 U.S.C. § 2255(c)(2).

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Justice Valentino's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [ECF Nos. 102, 120] is **DENIED**.
2. No certificate of appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: July 17, 2025                                *s/Katherine Menendez*
                                                                     Katherine Menendez
                                                                     United States District Court